## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE No.: 9:21-cv-80587

TAMARA WAREKA p/k/a
TAMARA WILLIAMS,

      Plaintiff,

vs.

ALLURE MEDSPA, LLC, and
DOES 1 through 10 inclusive,
      Defendants.
_____/

### DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, ALLURE MEDSPA, LLC ("Defendant") by and through its undersigned counsel, hereby submits its Answers and asserts its affirmative defenses to Plaintiff, TAMARA WAREKA A/K/A TAMARA WILLIAMS'S ("Plaintiff") Amended Complaint for Damages and Injunctive Relief, and states as follows:

### ANSWERS

### JURISDICTION AND VENUE

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §101 *et seq* and 17 U.S.C. § 1202.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 1, and therefore the allegations are denied.**

2.    This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 2, and therefore the allegations are denied.**

3.     This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of Florida, Defendant's acts of infringement were directed towards the state of Florida, Defendant caused injury to Plaintiff within the state of Florida, and Defendant has a physical presence in the state of Florida.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 3, and therefore the allegations are denied.**

4.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**ANSWER: Admitted.**

<u>PARTIES</u>

5.     Plaintiff Tamara Williams ("Williams") is an individual and professional photographer.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 5, and therefore the allegations are denied.**

6.     Allure Medspa, LLC ("Allure") is a Florida corporation with a business address of 4700 NW 2nd Ave Suite 103, Boca Raton, FL 33431

**ANSWER: Admitted.**

7.     Plaintiff is informed and believes, and thereon alleges, that Defendant, Abigail Hall-James ("Hall-James"), previously identified as DOE 1, is an individual and website designer/graphic developer.

**ANSWER: Admitted.**

8.      Plaintiff is informed and believes, and thereon alleges, that Defendant, Tone the Agency, LLC ("Tone") previously identified as DOE 2, is a Florida corporation with a business address of 4181 NW 1ˢᵗ Avenue, Unit 5, Boca Raton, FL 33431.

**ANSWER: Admitted.**

9.      Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 3 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 9, and therefore the allegations are denied.**

## FACTUAL ALLEGATIONS

10.     Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams1, which has amassed over 400,000 followers.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 10, and therefore the allegations are denied.**

11.     Williams' portfolio includes international clients and her work has been featured in top publications such as Vogue, Harper's Bazaar, Marie Claire, *Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 11, and therefore the allegations are denied.**

12.     Williams is the sole author and exclusive rights holder to eleven photographs of female models: one photograph of model Hana Cross ("Cross Photograph"), one photograph of model Cindy Kimberly Rubira Adsuar p/k/a Cindy Wolfie ( "Wolfie Photograph"), one photograph of model Isabelle Johnson p/k/a Belle Johnson ("Johnson Photograph"), one

photograph of model Audreyana Michelle ("Michelle Photograph"), one photograph of model Moya Palk ("Palk Photograph"), two photographs of model Nicole Meier (respectively, "Meier 1 Photograph" and "Meier 2 Photograph"), one photograph of model Hanna Edwinson ("Edwinson Photograph"), one photograph of model Elle Trowbridge "Trowbridge Photograph"), one photograph of model Bridget Satterlee ("Satterlee Photograph"), and one photograph of model Christina Nadin ("Nadin Photograph") (Collectively, the "Photographs").

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 12, and therefore the allegations are denied.**

13. Attached hereto as Exhibit A are true and correct copies of the Photographs.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 13, and therefore the allegations are denied.**

14. Williams registered the Photographs with the United States Copyright Office. The Cross Photograph, the Michelle Photograph, and the Satterlee Photograph are registered under Registration Number VA 2-130-596. The Wolfie Photograph and the Trowbridge Photograph are registered under Registration Number VA 2-197-148. The Johnson Photograph is registered under Registration Number VA 2-116-904. The Palk Photograph is registered under Registration Number VA2-178-320. The "Meier 1 Photograph" and the "Meier 2 Photograph" are registered under Registration Number VA 2-116-887. The Edwinson Photograph and the Nadin Photograph are registered under Registration Number VA-2-116-920.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 14, and therefore the allegations are denied.**

15. Defendant Allure is an aesthetic medical center and day spa. It provides its clients with nonsurgical aesthetic medical services, such as dermal fillers, kybella, and wrinkle relaxers.

**ANSWER: Admitted.**

16. Allure markets various beauty products to treat and maintain their clients' beauty concerns.

**ANSWER: Admitted.**

17. Defendant Hall-James is an individual and website design/graphic developer. Hall-James is a Creative Director at Defendant Tone.

**ANSWER: Admitted.**

18.    Defendant Tone is a brand development company. Tone assists its clients in creating logos, websites, social media content, brand strategy, photoshoot coordination, and slogans. Tone's clients have been featured in major publications such as *Cosmopolitan, Marie Claire, Allure, Forbes, Vogue and GQ* magazine.

**ANSWER: Admitted**

19.    Allure                maintains              an             Instagram             page, https://www.instagram.com/allureaestheticsfl/?hl=en    under    the    handle    @allureaestheticsfl ("Instagram Page").

**ANSWER: Admitted.**

20.    Williams is informed and believes Allure markets its services through its Instagram Page in order to attract user traffic and drive customer revenue.

**ANSWER: Denied.**

21.    On information and belief, Hall-James and Tone were hired to develop pages and graphics for Allure's Website.

**ANSWER: Admitted.**

22.    On or about December 20, 2019, Williams discovered her nine of her Photographs being used by Allure on its Instagram Page to promote its services and portray potential results of what can be achieved with Allure's treatments and use of its products.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 22, and therefore the allegations are denied.**

23.    The Cross Photograph, the Michelle Photograph, the Trowbridge Photograph, and the Satterlee Photograph contain a unique watermark bearing the name of Williams' Instagram account, "@tamarawilliams1."

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 23, and therefore the allegations are denied.**

24.     Williams also noticed that Allure had cropped off a portion of the watermark for the Cross Photograph and the Trowbridge Photograph as used in the posts on Allure's Instagram Page.

**ANSWER: Denied.**

25.     Williams did not give Allure permission to use the Photographs stated above on Allure's Instagram Page and crop off a portion of her proprietary watermark.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 25, and therefore the allegations are denied.**

26.     Allure also added its own watermark "ALLURE aesthetics" to the Michelle Photograph and the Meier 1 Photograph.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 26, and therefore the allegations are denied.**

27.     Williams did not give Allure permission to use the Photographs stated above on Allure's Instagram Page or add Allure's watermark.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 27, and therefore the allegations are denied.**

28.     Attached hereto as Exhibit B are true and correct screenshots of the use of Williams' Photographs on Allure's Instagram Page.

**ANSWER:   Defendant states the Exhibits Attached to the Complaint speak for themselves, otherwise Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 28, and therefore the allegations are denied.**

29.     Allure is also the owner and operator of the website https://www.allurefl.com ("Website").

**ANSWER: Admitted.**

30.     Allure advertises its products and services through its Website.

**ANSWER: Admitted.**

31.     On information and belief, Hall-James and Tone were hired to develop pages and graphics for Allure's Website.

**ANSWER: Admitted.**

32.     On or about June 1, 2020, Williams discovered the Meier 2 Photograph being used by Allure on its Website to promote its services and portray potential results of what can be achieved with Allure's treatments for kybella.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 32, and therefore the allegations are denied.**

33.     Attached hereto as Exhibit C is a true and correct screenshot of the use of the Meier 2 Photograph on Allure's Website.

**ANSWER: Defendant states the Exhibits Attached to the Complaint speak for themselves. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 33, and therefore the allegations are denied.**

34.     Allure also maintains a Facebook page, https://www.facebook.com/AllureAestheticsFl ("Facebook Page").

**ANSWER: Admitted.**

35.     Williams is informed and believes Allure markets its services through its Facebook Page in order to attract user traffic and drive customer revenue.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 35, and therefore the allegations are denied.**

36.     On information and belief, Hall-James and Tone were hired to develop pages and graphics for Allure's Website.

**ANSWER: Admitted.**

37.     On or about July 10, 2020, Williams discovered the Wolfie Photograph and the Meier 1 Photograph being used by Allure on its Facebook Page to promote its services and portray potential results of what can be achieved with Allure's treatments and use of its products.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 37, and therefore the allegations are denied.**

38.     Attached hereto as Exhibit D are true and correct screenshots of the use of the Wolfie Photograph and the Meier 1 Photograph on Allure's Facebook Page.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 38, and therefore the allegations are denied.**

39.     On or about August 7, 2020, Allure, through counsel, also indicated that Williams' Photographs had been removed from Allure's Website and other social media pages.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 39, and therefore the allegations are denied.**

40.     On or about March 11, 2021, Williams discovered the Wolfie Photograph and the Meier 1 Photograph were still being displayed by Allure on their Facebook Page despite the prior assertion that they had been removed.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 40, and therefore the allegations are denied.**

41.     On or about March 11, 2021, Williams also discovered another eight of her Photographs were used in eleven additional acts of infringement on Allure's Facebook Page.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 41, and therefore the allegations are denied.**

42.     The Wolfie Photograph, the Michelle Photograph, the Edwinson Photograph, the Trowbridge Photograph, and the Satterlee Photograph contain a unique watermark bearing the name of Williams' Instagram account, "@tamarawilliams1."

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 42, and therefore the allegations are denied.**

43.     Williams also noticed that Allure had cropped off a portion of the watermark for the Trowbridge Photograph as used in the post on Allure's Facebook Page.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 43, and therefore the allegations are denied.**

44.     Williams did not give Defendants permission to use the Photographs stated above on Allure's Facebook Page and crop off a portion of her proprietary watermark.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 44, and therefore the allegations are denied.**

45.     Allure also added its own watermark "ALLURE aesthetics" to the Michelle Photograph and the Meier 1 Photograph.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 45, and therefore the allegations are denied.**

46.     Williams did not give Allure permission to use the Photographs stated above on Allure's Facebook Page or add Allure's watermark.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 46, and therefore the allegations are denied.**

47.     Attached hereto as Exhibit E are true and correct screenshots of the use of Williams' Photographs, with the exception of the Cross Photograph, on Allure's Facebook Page.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 47, and therefore the allegations are denied.**

48.     After being contacted by Williams' counsel, Allure informed Williams 'counsel that Hall-James was responsible for the infringements. When Allure alerted Hall-James of this

pending lawsuit, Hall-James indicated in several text messages that she would handle "any and all issues" arising from the infringement.

**ANSWER: Admitted.**

49.    In no event did Williams offer or provide Defendants a license to use her Photographs in any manner.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 49, and therefore the allegations are denied.**

50.    Williams is informed and believes Defendants created unauthorized copies of the Photographs.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 50, and therefore the allegations are denied.**

51.    Williams is informed and believes Defendants cropped some of Williams' watermarks in an effort to conceal its infringing conduct.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 51, and therefore the allegations are denied.**

52.    Williams is informed and believes Defendants put their Allure's watermark on some of Williams' Photographs in an effort to falsely claim ownership of said Photographs.

**ANSWER: Denied and Defendant demands strict proof thereof.**

53.    Williams is informed and believes Defendants uploaded the Photographs to Allure's Instagram Page.

**ANSWER: Denied and Defendant demands strict proof thereof.**

54.    Williams is informed and believes Defendants uploaded the Photographs to Allure's Facebook Page.

**ANSWER: Denied and Defendant demands strict proof thereof.**

55.    Williams is informed and believes Defendants uploaded the Photographs to Allure's Website.

**ANSWER: Denied and Defendant demands strict proof thereof.**

56.     Williams has made several attempts to settle this case prior to the filing of this Complaint.

**ANSWER: Admitted. Both Plaintiff and Defendant have worked towards an amicable settlement or resolution but have not been able to reach one at this time.**

FIRST CAUSE OF ACTION
COPYRIGHT INFRINGEMENT
17 U.S.C. § 101 et seq

57.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER: Defendant incorporates and restates all the above answers to the above paragraphs of this Complaint in this paragraph 57.**

58.     Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photographs.

**ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 58, and therefore the allegations are denied.**

59.     Plaintiff is informed and believes and thereon alleges that said Defendants willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, because, inter alia, the Defendants also knew or should have known that they did not have a legitimate license for the Photographs.

**ANSWER: Denied and Defendant demands strict proof thereof.**

60.     As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

**ANSWER: Denied and Defendant demands strict proof thereof.**

61.     As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

**ANSWER: Denied and Defendant demands strict proof thereof.**

62.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**ANSWER: Denied and Defendant demands strict proof thereof.**

SECOND CAUSE OF ACTION
FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT
INFORMATION 17 U.S.C. § 1202

63.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER: Defendant incorporates and restates all the above answers to the above**

**paragraphs of this Complaint in this paragraph 63.**

64.     Defendants intentionally falsified, removed, and/or altered copyright management information related to the Photographs with the intent to induce, enable, facilitate, or conceal its infringement of the Photographs. Specifically, Defendants illegally downloaded the Photographs with watermarks containing copyright management information and cropped some of the watermarked Photographs so that the watermark was removed before incorporating the Photographs into its posts on social media.

**ANSWER: Denied and Defendant demands strict proof thereof.**

65.     Defendants' conduct was knowing and intentional because Defendants knew that it was not the copyright holder in the Photographs and that Defendants had not licensed the Photographs for use in the social media advertisements and knowingly altered the and/or removed the watermark containing the copyright management in order to conceal its infringing conduct.

**ANSWER: Denied and Defendant demands strict proof thereof.**

66.     Defendants' conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

**ANSWER: Denied and Defendant demands strict proof thereof.**

67.     Defendant's falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

**ANSWER: Denied and Defendant demands strict proof thereof.**

68.     Defendants' falsification, removal and/or alteration of said copyright management information was done by Defendants intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendants' infringement of the Photographs. Defendants also knew, or had reason to know, that such removal, falsification, and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendants' infringement of the Photographs.

**ANSWER: Denied and Defendant demands strict proof thereof.**

69.     Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as hereinabove alleged in an amount to be proven.

**ANSWER: Denied and Defendant demands strict proof thereof.**

70.     In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from each Defendant for each violation of 17 U.S.C. § 1202.

**ANSWER: Denied and Defendant demands strict proof thereof.**

## AFFIRMATIVE DEFENSES
### First Affirmative Defense

Defendant lacks actual knowledge of any copyright infringement related to the images referenced in the Plaintiff's Complaint. The Copyright office does not post copies of the photographs on their website. As of the filing of the Complaint, neither the Defendant, nor the Court can match the photographs with any corresponding registration information, including authorship.

### Second Affirmative Defense

Plaintiff waited seven (7) months before sending the Defendant a cease and desist letter, after purportedly noticing nine photographs in December 2019 on Defendant's Instagram page and waited over six (6) months after June 1, 2020 after purportedly noticing one photograph being used on Defendant's website.

### Third Affirmative Defense

Plaintiff is barred by the doctrine of laches. Plaintiff waited for fifteen (15) months from the inclusion of the nine alleged infringed photographs to file this lawsuit. This delay has prejudice Defendant.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because, to the extent any infringement by Defendant exists, Defendant is an innocent infringer.

### Fifth Affirmative Defense

Plaintiff lacks any injury requiring relief as no photographs were on Defendant's website or Instagram page at the time the Complaint was filed.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant had an express or implied license and/or sublicense to engage in the acts which form the basis of Plaintiff's claims

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate her damages.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Ninth Affirmative Defense**

Defendant reserves all defenses at law or equity that may now exist or in the future be available based on discovery and further factual investigation in this case.

**DEMAND FOR RELIEF**

**WHEREFORE**, Defendant, ALLURE MEDSPA, LLC, by and through the undersigned counsel, respectfully requests this court enter a judgment in favor of the Defendant, and grant any additional relief as is deemed just and appropriate.

**ALLURE MEDSPA, LLC CROSS CLAIM AGAINST ABIGAIL HALL-JAMES AND TONE THE AGENCY, LLC**

1.      Defendants, ABIGAIL HALL-JAMES and TONE THE AGENCY, LLC were hired by Defendant, ALLURE MEDSPA, LLC's, to create the company's website.

2.      In this action, ALLURE MEDSPA, LLC's has been sued for damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §101 *et seq* and 17 U.S.C. § 1202.

3.      ALLURE MEDSPA, LLC is without fault as to the claimed damages and infringement, brought by the Plaintiff in this matter.

4.      To the extent that there are violations of copyright infringement, ALLURE MEDSPA, LLC's liability is solely based upon the actions of the Defendants, ABIGAIL HALL-JAMES and TONE THE AGENCY, LLC.

5.      ABIGAIL HALL-JAMES and TONE THE AGENCY, LLC were hired to create and design Allure's web site, and in doing so they allegedly violated the copyrights of the Plaintiff and incorporated them into Allure's web site.

6.      To the extent that there ALLURE MEDSPA, LLC is found to be liable for the violations of copyright infringement, Defendants, ABIGAIL HALL-JAMES and TONE THE AGENCY, LLC must reimburse the Defendant, ALLURE MEDSPA, LLC for any damages, or award against it as well as its court cost and attorney's fees.

**WHEREFORE,** ALLURE MEDSPA, LLC seeks indemnification from Defendants, ABIGAIL HALL-JAMES and TONE THE AGENCY, LLC against the above for any  claims, losses, damages, expenses, fees during proceedings, miscellaneous cost between the lawyer and client, and other liabilities of any kind which might be incurred, and for any other relief this Court deems just and proper under the circumstances.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed via the CM/ECF e-Filing Portal and furnish on all those record on June 7th, 2021 by email to Melissa A. Higbee, Esq., Higbee & Associates, *Counsel for Plaintiff* to mclark@higbeeassociates.com.

**THE BERMAN LAW GROUP**
**Attorney    for    Defendant,    ALLURE**
**MEDSPA, LLC**

*/s/ Jared Blake Namm, Esq.*
JARED BLAKE NAMM, ESQ.
Florida Bar No. 0676561
P. O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200, Ext. 223
Email:  jnamm@thebermanlawgroup.com
          kcochran@thebermanlawgroup.com